THE THIRD NATIONAL BANK of the City of New York, Respondent,
*v.* THE TRAVELERS' INSURANCE COMPANY, Appellant.

*Money paid over by a bank upon the faith of a bond conditioned to repay money withdrawn from the obligor's bank account by its authorized agent, if it were not collected from the agent by the bank — the bond is a primary obligation and not a mere guaranty of collection.*

The Travelers' Insurance Company deposited with the Third National Bank of the city of New York a sum of money to the credit of its agent, the Bank of Salt Lake, to be used for certain purposes, without notifying the bank of any restrictions upon the agent in the use of the money

The Bank of Salt Lake having become insolvent after drawing, in violation of its duty, $1,822.31 from the Third National Bank, the insurance company applied to the Third National Bank for the payment to it of the entire amount of the deposit, including the amount thus wrongfully withdrawn by its agent, which request the Third National Bank complied with upon the execution by the insurance company of a bond of indemnity, conditioned for the payment to the Third National Bank "upon demand, such portion of the said sum of $15,555.03, not exceeding $1,822.31 and interest, as the said Third National Bank of the city of New York may not, in fact, collect, within twelve months from the date hereof, from the said Bank of Salt Lake, or from the said collateral securities."

The Third National Bank having failed to collect any part of the sum of $1,822.31 within the time specified in the bond, made a demand upon the insurance company for that amount, and such demand having been refused, brought an action upon the bond in which the defendant contended that the instrument was a guaranty of collection and that lack of diligence having been shown in collecting the sum mentioned therein, the defendant was discharged from liability thereunder.

*Held,* that the undertaking on the part of the defendant was a primary obligation to pay the $1,822.31 if that sum were not collected within the time specified in the bond, and was not a mere guaranty of the collection thereof.

*Semble,* that if the plaintiff, after obtaining payment under the bond, should receive payment from the Bank of Salt Lake, the latter payment would inure to the benefit of the defendant.

APPEAL by the defendant, The Travelers' Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of August, 1898, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 5th day of August, 1898, denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*Albert Stickney*, for the appellant.

*Thomas G. Shearman*, for the respondent.

Hatch, J.:

The facts which form the basis of this action are without dispute. The defendant deposited with the plaintiff the sum of $10,006.67 to the credit of the Bank of Salt Lake, located in Salt Lake City, Utah. This money was to be drawn by the latter bank for the purpose of delivery to the borrowers thereof in Utah, the bank acting as agent therefor. The plaintiff had no notice of the purpose for which the money was deposited, and was not informed of any restriction upon the use of the money by the Bank of Salt Lake. The latter, in violation of its duty, drew a draft upon such fund for the sum of $1,822.31. This draft the plaintiff paid. Subsequently, and before any more of the deposit was drawn out, the Bank of Salt Lake failed and made an assignment of all its property for the benefit of creditors. After this assignment the defendant applied to the plaintiff to repay to it the whole sum of the deposit, including the amount of the draft drawn by the Salt Lake Bank. This the plaintiff consented to do upon defendant executing and delivering to it a bond conditioned to repay the sum which had been drawn from the fund. The bond was executed and delivered. It recites the foregoing facts, and also recites and provides further, as follows :

"And, whereas, the said Bank of Salt Lake is indebted to the said Third National Bank in the sum of $15,555.03, including the said sum of $1,822.31 above mentioned, with interest from July 2, 1896, to secure which indebtedness the said Third National Bank holds certain securities as collateral;

"And, whereas, the said Travelers Insurance Company has requested that the whole of the said sum of $10,006.67 be returned to it, and the said Third National Bank is willing to comply with such request, provided the Travelers Insurance Company will indemnify it against all claims to the said sum by the said Bank of Salt Lake, or its legal representatives, and will repay to the Third National Bank such portion of the said sum of $15,555.03, not exceeding $1,822.31 and interest, as it may not collect from the said Bank of Salt Lake or realize from the said collateral security held by it within twelve months from the date hereof.

"*Now therefore*, the condition of the above obligation is such that if the said Travelers Insurance Company, its successors or assigns, or any of them, shall indemnify and save harmless the said Third National Bank of the city of New York, its successors and assigns, from and against any and all claims, demands, suits, actions, damages, costs, charges, liability and expenses, by reason of the return of the said sum, and, in addition, shall well and truly pay, upon demand, such portion of the said sum of $15,555.03, not exceeding $1,822.31 and interest, as the said Third National Bank of the city of New York may not, in fact, collect, within twelve months from the date hereof, from the said Bank of Salt Lake, or from the said collateral securities, then this obligation is to be void, otherwise to remain in full force."

The plaintiff having failed to collect any part of the sum of $1,822.31 within the time specified in the bond, made a demand upon the defendant for repayment of the sum, and, that being refused, brought this action. It is not at all difficult to comprehend the attitude that these parties bore to each other upon the failure of the Bank of Salt Lake, or the motive which prompted the defendant to ask of the plaintiff that it return the whole of the original deposit. As these parties stood at this date, the Bank of Salt Lake was a debtor to the defendant in the sum of its draft upon the fund. With this debt the plaintiff was not at all concerned; it was not a creditor of any person or corporation for its amount, and it was indebted to no one on account of the payment of that draft. It stood indifferent as between the Bank of Salt Lake and the defendant; it was required to do nothing except to pay over to the owner the balance of the fund when that should be demanded. Under these circumstances the defendant did what many persons have done under similar conditions. Recognizing the fact that the plaintiff had greater facilities for the collection of the money than it had, and was much more likely to collect than it was, it proposed to the plaintiff that all the money be returned to it that the Bank of Salt Lake might become its debtor, and that it might undertake the burden of collection. There is nothing in the bond providing that the plaintiff should be paid anything for making the collection, nor does it elsewhere appear, or that it received any consideration for paying over the money, except the promise to repay upon demand if the

money was not collected within the year.    The whole transaction was, therefore, a gratuitous undertaking upon the part of the plaintiff to enable the defendant to recover its money.    In the light of these circumstances this undertaking is to be construed, and it may be observed in this connection that the defendant ought not to be heard to insist upon exoneration from liability unless it be very clear that it is so entitled.    The defendant insists that the instrument is a guaranty of collection, and that diligence is shown to have been lacking in this respect, whereby liability is avoided.    The plaintiff insists that the undertaking is a primary obligation to pay if collection was not had, and this having failed, liability became fixed when the demand for payment was made.    We think the latter contention is to be supported.    When the money was paid over to the defendant it became indebted to the plaintiff in that amount.    The undertaking of the plaintiff was to collect, if it could, within the year, and failing to do that the defendant would pay.    The relation which existed, and the fact that the plaintiff delivered in full the money to the defendant excludes a construction that the instrument was one of guaranty.    As between the parties hereto the relation was that of debtor and creditor, and the defendant was primarily liable for the debt.    Authority is abundant in support of this view.    (*Mallory* v. *Gillett*, 21 N. Y. 412 ; *Clark* v. *Howard*, 150 id. 232.)    It is always competent to show what is the real relation between the parties in order to determine the character of the liability.    (*Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 273.)    As we have before observed, the facts are without dispute, are recited in the bond, and they conclusively establish that the debt was at all times the debt of the defendant, not changed or modified by any fact, except that the plaintiff gratuitously undertook to collect the debt from another, in relief of the defendant, if it could. It would be a singular rule of law that would now require it to lose the money because it could not collect it from the party indebted to the defendant.    The claim of the defendant, that the plaintiff might secure double payment by settling with the Salt Lake bank, or the other persons upon the note, within the year, and postpone payment until after the period mentioned in the bond, is, to our minds, fanciful in the extreme.    Such a course, if intentional, would be a fraud

upon the defendant, and the payment would in any event inure to its benefit. After payment of the money secured by the bond, if the plaintiff by any means should receive this money, it would not be its money but the money of the defendant, and if it sought to retain it, action would lie therefor at the suit of the defendant.

As no defense to this action has been shown, the judgment should be affirmed.

All concurred.

Judgment and order affirmed, with costs.